PROB 12C
(7/93)

Report Date: March 16, 2010

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 16 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: William George Young          Case Number: 2:03CR02104-001

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable William Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: 07/08/2004

Original Offense:       Possession of a Firearm by Prohibited Person, 18 U.S.C. § 922(g)(1)

Original Sentence:      Prison - 70 months;            Type of Supervision: Supervised Release
                        TSR - 36 months

Asst. U.S. Attorney:    James P. Hagarty               Date Supervision Commenced: 09/05/2008

Defense Attorney:       Edwin F. Alden                 Date Supervision Expires: 09/04/2011

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number        Nature of Noncompliance

   1 - 3                **Standard Condition # 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

                        **Standard Condition # 5**: The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

                        **Standard Condition # 6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

                        **Supporting Evidence**: Mr. Young is considered in violation of his conditions of supervised release by failing to report to his probation officer since March 5, 2010, failing to work regularly since February 26, 2010, and failing to notify the probation officer of a change in address and employment since March 1, 2010.

                        On February 26, 2010, the undersigned officer spoke with Mr. Young's employer and was informed he had not been to work "for about a week" at that time. The employer further advised, Mr. Young had not called to discuss his absence and was considered terminated.

Prob12C
Re:  Young, William George
March 16, 2010
Page 2

          On March 1, 2010, the undersigned officer contacted the property owner of Mr. Young's last reported address. She advised the undersigned that Mr. Young had moved out "sometime in the middle of February" and had not paid rent for that month. She had no forwarding address and was upset by Mr. Young's failure to pay rent and dully notify her of his intent to vacate.

          Mr. Young failed to report within the first 5 days of March 2010 and submit his monthly supervision report. His current whereabouts is unknown.

**4 & 5**          **Special Condition # 14**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

          **Special Condition # 15**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

          **Supporting Evidence**: Mr. Young is considered in violation of his conditions of supervised release by failing to comply with substance abuse treatment since February 11, and failing to report for drug testing since February 23, 2010.

          On February 11, 2010, the undersigned officer received a discharge summary from Pioneer Human Services (PHS), which indicated Mr. Young was being unsuccessfully discharged due to poor attendance. In addition, Mr. Young had failed to respond to telephone calls from PHS, to address and remedy his attendance issues.

          On February 24 and 26, 2010, the undersigned officer received notification from PHS that Mr. Young had failed to report for drug testing on the previous days. Mr. Young was not excused by the undersigned officer to miss either of these urinalysis tests.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    March 16, 2010

s/Samuel Najera

Samuel Najera
U.S. Probation Officer

Prob12C
Re: Young, William George
March 16, 2010
Page 3

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

3/16/10
Date